## Smith v. Rose, Judge.

(Decided April 20, 1928.)

### Motion for Exemption from Jury Service.

Jury.—Act Gen. Assem. March 20, 1928, giving women jurors privilege and right to claim absolute exemption from jury service, where act carried no emergency clause, was not effective April, 1928, term of circuit court, and was therefore not applicable to woman drawn for jury service at that term.

HIRAM H. OWENS for plaintiff.

RICHARD S. ROSE for defendant.

OPINION OF THE COURT BY JUDGE REES—Denying motion for exemption from jury service.

This is an original proceeding in this court in which the petitioner, Mrs. Josephine Smith, is seeking to compel the respondent, Hon. Richard S. Rose, judge of the Thirty-Fourth judicial district, to grant her exemption from jury service at the April term of the Knox circuit court.

Her name was drawn from the jury wheel of Knox county, and, in answer to the summons served on her, she appeared on Monday, April 2, 1928, the first day of the April term of court. She was qualified to serve as a member of the petit jury, but before she had been sworn as such she requested the presiding judge to excuse her from jury service on the ground that the General Assembly at its 1928 session passed an act granting to women jurors the privilege and right to claim absolute and peremptory exemption from jury service.

The act in question was approved by the Governor on March 20, 1928, and is as follows:

"The privilege and right to claim absolute and peremptory exemption from jury service in this commonwealth is hereby given and granted to women jurors who may be summoned for jury service under the laws of this state, either in the lower or higher courts thereof, and the judge or justice of such courts, upon such request, shall, as a matter of right, relieve such juror of further service upon the request of such juror."

The act carried no emergency clause and will not become effective until 90 days after the adjournment of the General Assembly and therefore will not be in effect until after the expiration of the April term of the Knox circuit court and its provisions, of course, are not applicable to the petitioner.

The respondent insists the act is invalid, but under the circumstances it is unnecessary to determine that question in this proceeding.

The motion to require the respondent to excuse petitioner from further jury service at the April term of the Knox circuit court is denied, and the petition dismissed.